## BRIDGES v. STATE OF INDIANA.

### [No. 24,771. Filed April 29, 1926.]

1. INDICTMENT.—*Permitting the filing of amended affidavit which inserted the word "feloniously," thereby charging that defendant "unlawfully and feloniously" violated a certain statute was not error and court did not lose jurisdiction.*—In a prosecution for having possession of a still for the manufacture of intoxicating liquor under Acts 1923 p. 107, there was no error in permitting an amended affidavit to be filed which inserted the word "feloniously," thereby charging the defendant with "unlawfully and feloniously" possessing the same still, the date and other averments being the same, and the amendment did not cause the court to lose jurisdiction. p. 604.

2. CRIMINAL LAW.—*Merely referring to the pages in the transcript where testimony of named witnesses may be found, without setting out the testimony, is not a compliance with Rule 22 requiring appellant's brief to contain so much of the record as will show the error and exception relied on.*—Supreme Court Rule 22 requires that appellant's brief shall contain a short and clear statement of "so much of the record as fully presents every error and exception relied on," and this rule is not complied with by merely giving the pages in the transcript on which the testimony of several witnesses (naming them) may be found, without setting out the testimony. p. 605.

3. CRIMINAL LAW.—*Specifications in assignment of errors not supported by points and authorities are waived.*—Specifications in the assignment of errors on appeal which are not supported by points and authorities in appellant's brief are waived. p. 606.

4. CRIMINAL LAW.—*Error in giving instructions is not properly assigned as error on appeal, but must be presented as one of the causes for a new trial.*—Error in the giving of certain instructions is not properly assigned as error on appeal, but must be presented as one of the causes for a new trial. p. 606.

From Hancock Circuit Court; *Fred E. Hines,* Special Judge.

Jose N. Bridges was convicted of having possession of a still for the manufacture of intoxicating liquor, and he appeals. *Affirmed.*

*Thomas E. Glasscock,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

GEMMILL, J.—Appellant was tried by a jury upon an amended affidavit, in which he was charged with unlawfully and feloniously having in his possession and under his control and use a certain still and certain distilling apparatus for the manufacture of intoxicating liquor, in violation of the laws of this state. He has appealed from a judgment rendered upon a verdict of guilty.

By the original affidavit, appellant was charged with "unlawfully" having and possessing a certain still; and later an amended affidavit was filed in which he

1. was charged with "unlawfully and feloniously" having in his possession and under his control and use a certain still and distilling apparatus. After the amended affidavit was filed, appellant filed a plea in abatement in which he claimed that the action should abate as the special judge had no jurisdiction over the person of the defendant and the amended affidavit constituted a new cause of action. It was appellant's contention that the first affidavit charged a misdemeanor, while the second affidavit charged a felony. Both affidavits were drawn under chapter 33 of the Acts of 1923, which makes it unlawful for any person to have in his possession or under his control or to use any still or distilling apparatus for the manufacture of intoxicating liquor, in violation of the laws of the state. The

addition of the word "feloniously" in the amended affidavit did not have the effect of stating a new cause of action against appellant, as the criminal offense described therein was the same offense described in the first affidavit, the date and other averments being the same. It was not error to permit the amended affidavit to be filed and the court then having jurisdiction did not lose it. The plea in abatement was properly overruled.

Errors are claimed in overruling appellant's motion to quash the affidavit for a search warrant and in overruling appellant's motion to quash the search 2. warrant and to suppress the evidence obtained thereby. Appellant objects to the testimony of various witnesses in regard to facts and conditions which he claims were observed and discovered by means of a search warrant which he says was illegal. He states the following in his brief: "In this particular we call the court's attention to the testimony of Marshall Winslow (Record, pp. 86 to 112) ; also Noble Watson (Record, pp. 112 to 141); also John E. King (Record, pp. 141 to 147) ; also T. H. Eaton (Record, pp. 147 to 164) ; and also Seth Ward (Record, pp. 164 to 185)." This mere statement in the brief as to alleged incompetent and prejudicial evidence was not sufficient. Rule 22 of this court provides that the brief of appellant shall contain a short and clear statement disclosing, among other things, a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. This has not been done and the evidence and exceptions thereto are not set out in the brief, as required. It is not necessary for us to decide as to the legality of the affidavit and the search warrant, as appellant has not connected the evidence, to which he claims to have taken exceptions, with the

search warrant.    His contention as to erroneous rulings on said motions cannot be sustained.

Specifications in appellant's assignment of errors in regard to overruling motion to quash the amended affidavit and overruling motion in arrest of judgment are not supported by points and authorities.

3, 4.

This failure causes same to be waived.    The specifications in the assignment of errors concerning the giving of certain instructions to the jury are not proper as independent assignments.    It is not shown that any error was committed in overruling the motion for a new trial.    Most of the causes therefor are only mentioned in the motion and are not presented for consideration by appellant in his brief.    We do not find any reversible error.

The judgment is affirmed.